**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Donaldson Company, Inc., | Case No. 1:25-cv-7119 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Torque Parts LLC, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Donaldson Company, Inc. ("Donaldson" or "Plaintiff") brings this action for patent infringement under 35 U.S.C. § 271 against Defendant Torque Parts LLC ("Torque Parts" or "Defendant").

**INTRODUCTION**

1.      Donaldson alleges that Torque Parts has infringed and continues to infringe, directly and indirectly, five Donaldson patents: U.S. Patent Nos. 7,625,419 (the "'419 patent"), 7,972,404 (the "'404 patent"), 8,636,820 (the "'820 patent"), 8,709,119 (the "'119 patent"), and 10,512,868 (the "'868 patent"), copies of which are attached as Exhibits 1–5 (the "Donaldson Patents").

2.      The Donaldson Patents cover engine air filter technologies, including improved projection and receiver arrangements, media pack arrangements, housing seal arrangements, and air cleaner assemblies.

3.     Torque Parts sells copies of Donaldson's patented products without permission, advertising direct replacement parts over Donaldson's patented designs. Torque Parts cannot be permitted to capitalize on Donaldson's patent-protected innovations.

| **Donaldson Patented Product** | **Torque Parts Copy** |
|---|---|

 

 

 

**Donaldson Patented Product**    **Torque Parts Copy**












**Donaldson Patented Product**

**Torque Parts Copy**




4.     Torque Parts directly infringes the Donaldson Patents by making, using, offering to sell, and/or selling in, and/or importing into, the United States air filter cartridges that practice Donaldson's patents.

5.     Torque Parts indirectly infringes the Donaldson Patents by inducing its customers, end-users, and other third parties to use products practicing the Donaldson Patents. Torque Parts induces infringement by selling air filter cartridges that practice the Donaldson Patents, with knowledge, at least as of the date of this complaint, of the Donaldson Patents and the specific intent to cause third parties' direct infringement. Indeed, Torque Parts likely had notice of its infringement of Donaldson's patents earlier, as Donaldson has successfully used Amazon's APEX program to remove Torque Parts' products from Amazon's website through assertion of the Donaldson patents asserted here.

| Donaldson Patent | Torque Parts Product | APEX Initiated | Amazon Listing Removed |
|---|---|---|---|
| 7,625,419 | TR080-EF | August 22, 2023 | November 9, 2023 |
| 7,972,404 | TR506-EF | January 24, 2024 | February 23, 2024 |
| 8,636,820 | TR513-EF | March 5, 2024 | April 9, 2024 |
| 8,636,820 | TR537-EF | February 5, 2025 | February 6, 2025 |
| 8,709,119 | TR535-EF | January 8, 2025 | February 7, 2025 |
| 10,512,868 | TR504-EF | May 22, 2024 | June 17, 2024 |

6.      Torque Parts contributes to infringement of the Donaldson Patents by offering to sell and/or selling in, and/or importing into, the United States components (air filter cartridges) of patented air cleaner assemblies, with knowledge, at least as of the date of this complaint, of the Donaldson Patents and the third parties' infringement. The accused air filter cartridges constitute a material part of the claimed inventions and have no substantial non-infringing use.

7.      Donaldson seeks damages and other relief for Torque Parts' infringement of the Donaldson Patents.

## THE PARTIES

8.      Donaldson is a Delaware corporation. Its principal place of business is 1400 W 94th Street, Bloomington, MN 55431.

9.      On information and belief, Torque Parts is an Illinois limited liability company. Its principal place of business is 380 Roma Jean Parkway, Streamwood, IL 60107.

10.      Torque Parts uses, sells, offers to sell, markets, distributes, imports, and supplies throughout the United States, including this District, products including engine air filters that infringe the Donaldson Patents.

## JURISDICTION AND VENUE

11.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

13.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Torque Parts

has an established place of business in this District. In addition, Torque Parts has committed acts

of patent infringement in this District.

14.     This Court may exercise general and specific personal jurisdiction over Torque

Parts because, directly or through intermediaries, Torque Parts has committed acts within this

District giving rise to Donaldson's causes of action and has engaged in systemic and continuous

business activities in this District, establishing minimum contacts with this forum such that the

exercise of personal jurisdiction over Torque Parts would not offend traditional notions of fair

play and substantial justice. Torque Parts has committed and continues to commit acts of patent

infringement in this District, by, among other things, using, offering to sell, selling, and/or

importing products that infringe the Donaldson Patents.

15.     For example, Torque Parts offers accused products for sale in the United States

and this District via its website. *See* https://www.torqueusa.com/c

ategory/engine-air-filters. Torque Parts further runs a "Become a Distributor" program through

its website to market and sell the accused products in the United States and this District. *See*

https://www.torqueusa.com/form/become-a-distributor; https://www.torqueusa.com/distributed-

network (showing three distributors located in Illinois). Torque Parts also maintains a warehouse

at the same location as its principal place of business. *See*

https://www.torqueusa.com/form/contact. Torque Parts refers to its Streamwood, Illinois

locations as its "US Headquarters." *Id.*

## THE DONALDSON PATENTS

16.     All right, title, and interest in each of the Donaldson Patents belongs to Donaldson. Assignments from the inventors to Donaldson were recorded with the United States Patent Office ("USPTO").

**I.     The '419 Patent**

17.     The '419 patent, titled "Air filter arrangement; assembly; and, methods," was duly and legally issued on December 1, 2009, from an application filed January 10, 2007, with Benny Kevin Nelson, Gregory L. Reichter, Bruce Allen Boehrs, and Paul Anthony Wendt as named inventors. The '419 patent claims priority to U.S. Provisional Application No. 60/799,459, filed on May 10, 2006.

18.     The '419 patent relates to, at least in part, air filter arrangements including a fluted media pack and an outwardly projecting second flow face and/or side pieces including a "central apex" for installing the air filter in a housing.



'419 patent, Fig. 10.

## II.    The '404 Patent

19.    The '404 patent, titled "Air cleaner arrangements; components thereof; and, methods," was duly and legally issued on July 5, 2011, from an application filed June 21, 2007, with Bradley A. Kuempel, Richard J. Osendorf, Dan Adamek, Wayne Bishop, Nels Nordstrom, John Pooler, and Bill Whelan as named inventors. The '404 patent claims priority to U.S. Provisional Application No. 60/815,794, filed on June 22, 2006.

20.    The '404 patent relates to, at least in part, air filter arrangements including improved projection/receiving arrangements for securing an air filter in place in a housing.



'404 patent, Fig. 6.

### III.    The '820 Patent

21.    The '820 patent, titled "Air filter arrangement," was duly and legally issued on January 28, 2014, from an application filed July 29, 2013, with Gregory Reichter, Wayne Bishop, Benny Nelson, Darrel Wegner, Bruce Crenshaw, Vladimir Kladnitsky, Donald Mork, Kevin Schrage, Richard Osendorf, Bradley Keumpel, Thomas Lundgren, and Jordan S. Flagstad as named inventors. The '820 patent is a continuation of U.S. Patent Application No. 11/795,178, filed January 12, 2006, and also claims priority to U.S. Provisional Application No. 60/644,094, filed on January 13, 2005.

22.    The '820 patent relates to, at least in part, air filter arrangements including stacked filter media (fluted media secured to facing media) and an improved housing seal arrangement, including a portion extending across opposite sides of the air filter at an angle (as

shown in Figure 20, an angled portion of a housing seal extending along the non-end-cap sides of the filter).



FIG.20

'820 patent, Fig. 20.

## IV.     The '119 Patent

23.     The '119 patent, titled "Air filter cartridge and air cleaner assembly," was duly and legally issued on April 29, 2014, from an application filed September 14, 2012, with Gregory Reichter, Wayne Bishop, Benny Nelson, Darrel Wegner, Bruce Crenshaw, Thomas Miller, Donald Mork, Kevin Schrage, Vladimir Kladnitsky, Richard Osendorf, Bradley Kuempel, Thomas Lundgren, and Jordan Flagstad as named inventors. The '119 patent is a continuation of U.S. Patent Application No. 11/795,176, filed January 12, 2006, and also claims priority to U.S. Provisional Application No. 60/644,094, filed on January 13, 2005.

24.     The '119 patent relates to, at least in part, air filter arrangements including stacked filter media (fluted media secured to facing media) and an improved housing seal arrangement, including a pinch seal lip defining a trough and sections extending along a side of the air filter at an angle (as shown in Figure 43, an angled portion of a housing seal extending over the end caps of the filter).



'119 patent, Figs. 1 and 43.

## V.     The '868 Patent

25.     The '868 patent, titled "Filter cartridges; air cleaner assemblies; housings; features; components; and, methods," was duly and legally issued on December 24, 2019, from an application filed March 2, 2016, with Daniel Eric Adamek, Scott Brown, Robert Dean Johnston, Matthew Alan Kalis, and Richard Patrick Manahan as named inventors. The '868 patent claims priority to U.S. Provisional Application No. 62/127,166, filed on March 2, 2015.

26.     The '868 patent relates to, at least in part, air filter arrangements including an improved housing engagement arrangement, including "receiving pockets" for installing the air filter in a housing.



'868 patent, Fig. 15.

## TORQUE PARTS' DIRECT INFRINGEMENT

27.     Torque Parts has directly infringed and continues to directly infringe the Donaldson Patents under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing products that practice one or more claims of the Donaldson Patents. These accused products include Torque Parts products TR080-EF, TR504-EF, TR506-EF, TR513-EF, TR534-EF, TR535-EF, and TR537-EF, and equivalents thereto (the "Torque Parts Products").

## TORQUE PARTS' INDIRECT INFRINGEMENT

28.     Torque Parts has indirectly infringed and continues to indirectly infringe the Donaldson Patents under 35 U.S.C. § 271(b) by inducing third parties to directly infringe the Donaldson Patents.

29.    Torque Parts has induced, and continues to induce, direct infringement of the Donaldson Patents by customers, end users, and other third parties who purchase and use the Torque Parts Products.

30.    Torque Parts knew, at least as of the date of this complaint[1], and specifically intended that its customers, end users, and other third parties use the Torque Parts Products, or deliberately avoided learning about its infringement.

31.    Torque Parts has indirectly infringed and continues to indirectly infringe the Donaldson Patents under 35 U.S.C. § 271(c) by contributing to third parties' direct infringement of the Donaldson Patents.

32.    Torque Parts offers to sell, sells, and/or imports components of patented devices. The Torque Parts Products constitute a material part of infringing air cleaner assemblies. Torque Parts knew, at least as of the date of this complaint, that those products were made for use in the infringing air cleaner assemblies. Those Torque Parts Products have no substantial non-infringing use.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,625,419

33.    Donaldson incorporates by reference the foregoing paragraphs.

34.    Pursuant to 35 U.S.C. § 282, the '419 patent is presumed valid.

35.    Torque Parts has infringed, and continues to infringe, the '419 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in, and/or importing into, the United States products that practice one or more of the claims of the '419 patent. At least

---

[1] On information and belief, Torque Parts new about the Donaldson Patents and its infringement before Donaldson filed this complaint, as a result of the Amazon APEX proceedings. *See supra* ¶ 5.

Torque Parts products TR080-EF and TR534-EF infringe at least claim 1 of the '419, as set forth in Exhibits 6 and 7.

36.     Torque Parts has actual notice of the '419 patent and the infringement alleged herein at least upon the service of this Complaint. The timing, circumstances, and extent of Torque Parts obtaining any actual knowledge of the '419 patent prior to commencement of this lawsuit will be confirmed during discovery.

37.     Torque Parts induces third parties, including customers and end-users, to infringe the '419 patent in violation of 35 U.S.C. § 271(b) by facilitating and encouraging them to purchase and use the infringing Torque Parts products, specifically, TR080-EF and TR534-EF.

38.     Upon information and belief, Torque Parts directly benefits from and actively and knowingly encourages it customers' use of the infringing Torque Parts products.

39.     On information and belief, Torque Parts will continue to engage in activities to encourage customers that will constitute inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in the infringement of the '419 patent.

40.     Torque Parts contributes to direct infringement by third parties, including customers and end-users, of at least claim 15 of the '419 patent by selling components of the claimed air cleaner assembly, specifically, TR080-EF and TR534-EF, knowing that such products are material to the invention claimed by at least claim 15 of the '419 patent, and are especially made or especially adapted for use in infringing the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

41.     Torque Parts' infringement has caused and continues to cause damages to Donaldson, and Donaldson is entitled to recover damages sustained as a result of Torque Parts' wrongful acts in an amount subject to proof at trial.

42.     On information and belief, Torque Parts continues to infringe the '419 patent by making, using, selling, offering for sale, and/or importing in the United States the infringing Torque Parts products and by inducing and/or contributing to the direct infringing use of the infringing Torque Parts products by others, in reckless disregard of Donaldson's patent rights. Torque Parts continues its infringement notwithstanding actual knowledge of the '419 patent as a result of the Amazon APEX proceedings (and also through service of this Complaint) and without a good faith basis to believe that its activities do not infringe any valid claim of the '419 patent. Torque Parts' infringement of the '419 Patent, following its knowledge of the '419 Patent, is intentional and deliberate and thus willful and Donaldson is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

43.     On information and belief, Torque Parts will continue intentionally and deliberately infringing, notwithstanding actual knowledge of the '419 Patent. Torque Parts' future acts of infringement will constitute continuing willful infringement of the '419 Patent.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,972,404

44.     Donaldson incorporates by reference the foregoing paragraphs.

45.     Pursuant to 35 U.S.C. § 282, the '404 patent is presumed valid.

46.     Torque Parts has infringed, and continues to infringe, the '404 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in, and/or importing into the United States products that practice one or more of the claims of the '404 patent. At least Torque Parts product TR506-EF infringes at least claim 1 of the '404, as set forth in Exhibit 8.

47. Torque Parts has actual notice of the '404 patent and the infringement alleged herein at least upon the service of this Complaint. The timing, circumstances, and extent of Torque Parts obtaining any actual knowledge of the '404 patent prior to commencement of this lawsuit will be confirmed during discovery.

48. Torque Parts induces third parties, including customers and end-users, to infringe the '404 patent in violation of 35 U.S.C. § 271(b) by facilitating and encouraging them to purchase and use the infringing Torque Parts products, specifically, TR506-EF.

49. Upon information and belief, Torque Parts directly benefits from and actively and knowingly encourages it customers' use of the infringing Torque Parts products.

50. On information and belief, Torque Parts will continue to engage in activities to encourage customers that will constitute inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in the infringement of the '404 patent.

51. Torque Parts' infringement has caused and continues to cause damages to Donaldson, and Donaldson is entitled to recover damages sustained as a result of Torque Parts' wrongful acts in an amount subject to proof at trial.

52. On information and belief, Torque Parts continues to infringe the '404 patent by making, using, selling, offering for sale and/or importing in the United States the infringing Torque Parts products and by inducing the direct infringing use of the infringing Torque Parts products by others, in reckless disregard of Donaldson's patent rights. Torque Parts continues its infringement notwithstanding actual knowledge of the '404 patent as a result of the Amazon APEX proceedings (and also through service of this Complaint) and without a good faith basis to believe that its activities do not infringe any valid claim of the '404 patent. Torque Parts'

16

infringement of the '404 Patent, following its knowledge of the '404 Patent, is intentional and deliberate and thus willful and Donaldson is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

53.     On information and belief, Torque Parts will continue intentionally and deliberately infringing, notwithstanding actual knowledge of the '404 Patent. Torque Parts' future acts of infringement will constitute continuing willful infringement of the '404 Patent.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,636,820**

54.     Donaldson incorporates by reference the foregoing paragraphs.

55.     Pursuant to 35 U.S.C. § 282, the '820 patent is presumed valid.

56.     Torque Parts has infringed, and continues to infringe, the '820 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in, and/or importing into the United States products that practice one or more of the claims of the '820 patent. At least Torque Parts product TR513-EF infringes at least claim 1 of the '820, as set forth in Exhibit 9.

57.     Torque Parts has actual notice of the '820 patent and the infringement alleged herein at least upon the service of this Complaint. The timing, circumstances, and extent of Torque Parts obtaining any actual knowledge of the '820 patent prior to commencement of this lawsuit will be confirmed during discovery.

58.     Torque Parts induces third parties, including customers and end-users, to infringe the '820 patent in violation of 35 U.S.C. § 271(b) by facilitating and encouraging them to purchase and use the infringing Torque Parts products, specifically, TR513-EF.

59.     Upon information and belief, Torque Parts directly benefits from and actively and knowingly encourages it customers' use of the infringing Torque Parts products.

60. On information and belief, Torque Parts will continue to engage in activities to encourage customers that will constitute inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in the infringement of the '820 patent.

61. Torque Parts contributes to direct infringement by third parties, including customers and end-users, of at least claim 14 of the '820 patent by selling components of the claimed air cleaner assembly, specifically, TR513-EF, knowing that such products are material to the invention claimed by at least claim 14 of the '820 patent, and are especially made or especially adapted for use in infringing the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use..

62. Torque Parts' infringement has caused and continues to cause damages to Donaldson, and Donaldson is entitled to recover damages sustained as a result of Torque Parts' wrongful acts in an amount subject to proof at trial.

63. On information and belief, Torque Parts continues to infringe the '820 patent by making, using, selling, offering for sale and/or importing in the United States the infringing Torque Parts products and by inducing and/or contributing to the direct infringing use of the infringing Torque Parts products by others, in reckless disregard of Donaldson's patent rights. Torque Parts continues its infringement notwithstanding actual knowledge of the '820 patent as a result of the Amazon APEX proceedings (and also through service of this Complaint) and without a good faith basis to believe that its activities do not infringe any valid claim of the '820 patent. Torque Parts' infringement of the '820 Patent, following its knowledge of the '820 Patent, is intentional and deliberate and thus willful and Donaldson is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

64. On information and belief, Torque Parts will continue intentionally and deliberately infringing, notwithstanding actual knowledge of the '820 Patent. Torque Parts' future acts of infringement will constitute continuing willful infringement of the '820 Patent.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,709,119**

65. Donaldson incorporates by reference the foregoing paragraphs.

66. Pursuant to 35 U.S.C. § 282, the '119 patent is presumed valid.

67. Torque Parts has infringed, and continues to infringe, the '119 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in, and/or importing into the United States products that practice one or more of the claims of the '119 patent. At least Torque Parts product TR535-EF infringes at least claim 1 of the '119, as set forth in Exhibit 10.

68. Torque Parts has actual notice of the '119 patent and the infringement alleged herein at least upon the service of this Complaint. The timing, circumstances, and extent of Torque Parts obtaining any actual knowledge of the '119 patent prior to commencement of this lawsuit will be confirmed during discovery.

69. Torque Parts induces third parties, including customers and end-users, to infringe the '119 patent in violation of 35 U.S.C. § 271(b) by facilitating and encouraging them to purchase and use the infringing Torque Parts products, specifically, TR535-EF.

70. Upon information and belief, Torque Parts directly benefits from and actively and knowingly encourages it customers' use of the infringing Torque Parts products.

71. On information and belief, Torque Parts will continue to engage in activities to encourage customers that will constitute inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in the infringement of the '119 patent.

72.     Torque Parts' infringement has caused and continues to cause damages to Donaldson, and Donaldson is entitled to recover damages sustained as a result of Torque Parts' wrongful acts in an amount subject to proof at trial.

73.     On information and belief, Torque Parts continues to infringe the '119 patent by making, using, selling, offering for sale and/or importing in the United States the infringing Torque Parts products and by inducing the direct infringing use of the infringing Torque Parts products by others, in reckless disregard of Donaldson's patent rights. Torque Parts continues its infringement notwithstanding actual knowledge of the '119 patent as a result of the Amazon APEX proceedings (and also through service of this Complaint) and without a good faith basis to believe that its activities do not infringe any valid claim of the '119 patent. Torque Parts' infringement of the '119 Patent, following its knowledge of the '119 Patent, is intentional and deliberate and thus willful and Donaldson is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

74.     On information and belief, Torque Parts will continue intentionally and deliberately infringing, notwithstanding actual knowledge of the '119 Patent. Torque Parts' future acts of infringement will constitute continuing willful infringement of the '119 Patent.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,512,868**

75.     Donaldson incorporates by reference the foregoing paragraphs.

76.     Pursuant to 35 U.S.C. § 282, the '868 patent is presumed valid.

77.     Torque Parts has infringed, and continues to infringe, the '868 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in, and/or importing into the United States products that practice one or more of the claims of the '868 patent. At least

20

Torque Parts products TR504-EF and TR537-EF infringe at least claim 1 of the '868, as set forth in Exhibits 11 and 12.

78.     Torque Parts has actual notice of the '868 patent and the infringement alleged herein at least upon the service of this Complaint. The timing, circumstances, and extent of Torque Parts obtaining any actual knowledge of the '868 patent prior to commencement of this lawsuit will be confirmed during discovery.

79.     Torque Parts induces third parties, including customers and end-users, to infringe the '868 patent in violation of 35 U.S.C. § 271(b) by facilitating and encouraging them to purchase and use the infringing Torque Parts products, specifically, TR504-EF and TR537-EF.

80.     Upon information and belief, Torque Parts directly benefits from and actively and knowingly encourages it customers' use of the infringing Torque Parts products.

81.     On information and belief, Torque Parts will continue to engage in activities to encourage customers that will constitute inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in the infringement of the '868 patent.

82.     Torque Parts' infringement has caused and continues to cause damages to Donaldson, and Donaldson is entitled to recover damages sustained as a result of Torque Parts' wrongful acts in an amount subject to proof at trial.

83.     On information and belief, Torque Parts continues to infringe the '868 patent by making, using, selling, offering for sale and/or importing in the United States the infringing Torque Parts products and by inducing the direct infringing use of the infringing Torque Parts products by others, in reckless disregard of Donaldson's patent rights. Torque Parts continues its infringement notwithstanding actual knowledge of the '868 patent as a result of the Amazon

21

APEX proceedings (and also through service of this Complaint) and without a good faith basis to believe that its activities do not infringe any valid claim of the '868 patent. Torque Parts' infringement of the '868 Patent, following its knowledge of the '868 Patent, is intentional and deliberate and thus willful and Donaldson is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

84.     On information and belief, Torque Parts will continue intentionally and deliberately infringing, notwithstanding actual knowledge of the '868 Patent. Torque Parts' future acts of infringement will constitute continuing willful infringement of the '868 Patent.

**JURY TRIAL DEMANDED**

Donaldson demands a trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Donaldson respectfully requests that the Court:

A.     Enter judgment that Torque Parts has directly infringed one or more claims of one or more of the Donaldson Patents, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a);

B.     Enter judgment that Torque Parts has induced infringement of one or more claims of the Donaldson Patents, in violation of 35 U.S.C. § 271(b);

C.     Enter judgment that Torque Parts has contributed to the direct infringement of one or more claims of the Donaldson Patents, in violation of 35 U.S.C. § 271(c);

D.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Donaldson damages adequate to compensate for Torque Parts' infringement of the Donaldson Patents (and, if necessary, related accountings), in an amount to be determined at trial, but not less than a reasonable royalty;

E.     Enter an order awarding Donaldson treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Torque Parts' willful and deliberate infringement of one or more claims of the Donaldson Patents;

F.     Enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to Donaldson its reasonable attorneys' fees, costs, and expenses;

G.     Enter an order that Torque Parts account for and pay to Donaldson the damages to which Donaldson is entitled as a consequence of the infringement;

H.     Enter an order for a post-judgment equitable accounting of damages for the period of infringement of the Donaldson Patents following the period of damages established at trial;

I.     Enter an order awarding to Donaldson pre- and post-judgment interest at the maximum rates allowable under the law and its costs; and

J.     Enter an order awarding to Donaldson such other and further relief, whether at law or in equity, that this Court deems just and proper.


Dated: June 25, 2025                    *s/ Daniel J. Schwartz*
                                        Daniel J. Schwartz
                                        Illinois Bar No. 6230229
                                        Randal S. Alexander
                                        Illinois Bar No. 6298199
                                        **NIXON PEABODY LLP**
                                        70 W. Madison St. Suite 5200
                                        Chicago, IL 60602
                                        Tel: (312) 977-4400
                                        Fax: (312) 977-4405

                                        Aaron R. Fahrenkrog (*pro hac vice* pending)
                                        MN Bar No. 0386673
                                        AFahrenkrog@RobinsKaplan.com
                                        Emily J. Tremblay (*pro hac vice* pending)
                                        MN Bar. No. 0395003
                                        ETremblay@RobinsKaplan.com
                                        **ROBINS KAPLAN LLP**

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500 (telephone)
(612) 339-4181 (facsimile)

*Attorneys for Plaintiff Donaldson Company, Inc.*